UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PIO A. FAGAAUTAU,<br><br>　　　　　　　Petitioner,<br>　v.<br><br>JASON BENNETT,<br><br>　　　　　　　Respondent. | CASE NO. 3:24-cv-05751-KKE-GJL<br><br>REPORT AND RECOMMENDATION<br><br>NOTING DATE: **September 25, 2024** |

The District Court has referred this federal habeas action to United States Magistrate Judge Grady J. Leupold. Petitioner Pio A. Fagaautau, proceeding *pro se*, initiated this action on September 3, 2024, by filing a Motion to Proceed *In Forma Pauperis* (Dkt. 1), a Proposed federal habeas Petition (Dkt. 1-1), and other Proposed Motions and Requests (Dkts. 1-3, 1-4, 1-5, 1-7, 1-8, 1-9, 1-10, 1-11). Upon review, the undersigned recommends the instant action be **DISMISSED without prejudice** as it is duplicative of another federal habeas action pending in this Court.

Federal courts "retain broad powers to prevent duplicative or unnecessary litigation." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and

REPORT AND RECOMMENDATION - 1

against the same defendant.'" *Adams v. Calif. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (citation omitted) (affirming the dismissal of a later-filed duplicative lawsuit). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action." *Adams*, 487 F.3d at 688. Thus, a district court may dismiss an action that is clearly duplicative of a pending, earlier-filed action. *See e.g., Diaz v. Frauenheim*, No. 5:19-cv-01441-PA (GJS), 2020 WL 730849, at *3 (C.D. Cal. Feb. 12, 2020).

In his Proposed Petition, Petitioner seeks to challenge his state court conviction entered in *State of Washington v. Pio Agustino Fagaautau*, Superior Court of Washington for Skamania County Case No. 18-1-0060-1. Dkt. 1-1 at 1.[1] No more than a week before he initiated this action, however, Petitioner filed a different federal habeas action challenging the same underlying state court conviction. *See Fagaautau v. Bennett*, Case No. 3:24-cv-05703-RAJ (W.D. Wash. filed August 28, 2024). Currently pending in Petitioner's earlier-filed action is a Report and Recommendation finding the action untimely and subject to dismissal under 28 U.S.C. 2244(d). *Id.* at Dkt. 8. The pending Report and Recommendation explains that Petitioner was required to seek federal habeas relief not later than July 2023 (a year after his state court judgment became final) and concludes that there is no basis for equitable tolling. *Id.*; *see also Yow Ming Yeh v. Martel*, 751 F.3d 1075, 1077 (9th Cir. 2014) (noting that the bar for equitable tolling is "very high" and "is reserved for rare cases").

The same appears to be true of the sole habeas claim raised in the instant case, which is that Petitioner was allegedly arrested without a valid warrant in violation of the Fourth

---

[1] Although the Proposed Petition is styled as one filed pursuant to 28 U.S.C. § 2241, the sole mechanism for obtaining federal habeas relief by those confined on a state court conviction is a petition filed pursuant to 28 U.S.C. § 2254. *Dominguez v. Kernan*, 906 F.3d 1127, 1135–36 (9th Cir. 2018) ("[Section 2254] 'is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction.'") (quoting *White v. Lambert*, 370 F.3d 1002, 1009–10 (9th Cir. 2004)). Thus, the Proposed Petition is construed as one filed under 28 U.S.C. § 2254.

REPORT AND RECOMMENDATION - 2

Amendment to the United States Constitution. Dkt. 1-1 at 2; Dkt. 1-3. Even assuming Petitioner's claim could give rise to habeas relief, the factual and legal basis of that claim were readily available to him prior to the likely expiration of the statute of limitations. *Id.* More importantly, however, it would be inappropriate to allow Petitioner to pursue both habeas actions simultaneously as doing so runs the risk of inconsistent results and wasted judicial resources. On balance, equity supports dismissal of this subsequently filed action.

Accordingly, the undersigned recommends that the instant action be **DISMISSED without prejudice**. It is further recommended Petitioner's IFP Motion (Dkt. 1) and his other Proposed Motions and Requests (Dkts. 1-3, 1-4, 1-5, 1-7, 1-8, 1-9, 1-10, 1-11) be **DENIED as moot**. Finally, a certificate of appealability should be **DENIED** in this case.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **September 25, 2024**, as noted in the caption.

Dated this 11th day of September, 2024.

Grady J. Leupold
United States Magistrate Judge