UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PIO AUGUSTINO FAGAAUTAU,<br><br>　　　　　　　　Petitioner(s),<br><br>　v.<br><br>JASON BENNETT,<br><br>　　　　　　　　Respondent(s). | CASE NO. C24-5751-KKE<br><br>ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT |

　　　This matter comes before the Court on Petitioner Pio Augustino Fagaautau's motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(4).  Dkt. No. 14.  For the reasons below, the Court denies this motion.

　　　This case arises from a habeas petition in which Mr. Fagaautau challenged his state court conviction in *State of Washington v. Pio Augustino Fagaautau*, Superior Court of Washington for Skamania County Case No. 18-1-0060-1.  Dkt. No. 1-1 at 1.  However, a week before he filed his petition, he also filed a different federal habeas action challenging the same underlying state court conviction.  *See Fagaautau v. Bennett*, Case No. 3:24-cv-05703-RAJ (W.D. Wash. filed August 28, 2024).  In that case, the district court dismissed Mr. Fagaautau's case with prejudice.  *Id.*, Dkt. No. 18 (Order of Dismissal).  Specifically, the district court adopted the magistrate judge's conclusion that Mr. Fagaautau failed to timely seek federal habeas relief and that there was no basis for equitable tolling.  *Id.*; *see also id.*, Dkt. No. 17.

In the instant case, Magistrate Judge Grady Leupold reached the same conclusion regarding the timeliness of Mr. Fagaautau's petition, stating, "Even assuming Petitioner's claim could give rise to habeas relief, the factual and legal basis of that claim were readily available to him prior to the likely expiration of the statute of limitations." Dkt. No. 4 at 3. Ultimately, Judge Leupold concluded that overall, equity supported dismissal of the instant action because allowing Mr. Fagaautau to pursue simultaneous habeas actions on identical grounds ran the risk of inconsistent results and wasted judicial resources. *Id.* Accordingly, this Court overruled Mr. Fagaautau's objections, adopted Judge Leupold's report and recommendation, dismissed the case without prejudice, and denied a certificate of appealability. Dkt. No. 10.

Now, Mr. Fagaautau moves for relief from the Court's judgment. Dkt. No. 14. The Court denies the motion. Under Federal Rule of Civil Procedure 60(b)(4), the Court may relieve a party from final judgment if "the judgment is void[.]" "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). "An incorrectly decided judgment is not itself sufficient to render a judgment void." *Matter of Redondo Special, LLC*, 699 F. Supp. 3d 893, 895 (C.D. Cal. 2023).

Mr. Fagaautau argues that the judgment is void because the Court "recharacterize[d] petitioner's 28 U.S.C. § 2241 [claim] to a 28 U.S.C. § 2254, and appl[ied] 28 U.S.C. § 2244, without notice." Dkt. No. 14 at 1. This does not void the judgment. As Judge Leupold explained in the report and recommendation, while Mr. Fagaautau styled his petition as one filed under 28 U.S.C. § 2241, the only mechanism to obtain federal habeas relief by someone incarcerated on a state court conviction is through 28 U.S.C. § 2254. Dkt. No. 4 at 2 n.1 (citing *Dominguez v. Kernan*, 906 F.3d 1127, 1135–36 (9th Cir. 2018)). Judge Leupold thus construed Mr. Fagaautau's

petition liberally and considered his claim under the sole statute upon which his action could continue. And while Mr. Fagaautau claims that this analysis was done without "notice," he was not deprived of an opportunity to object to the report and recommendation.[1]  *See United Student Aid Funds, Inc.*, 559 U.S. at 261. Thus, his due process rights were not denied, and Mr. Fagaautau is not entitled to relief under Rule 60(b)(4).

The report and recommendation and this Court's dismissal order properly considered the entire record. The Court dismissed the petition because Mr. Fagaautau's action was duplicative of a prior action and was also likely time-barred. Mr. Fagaautau fails to identify any error in the Court's prior order. Accordingly, his motion for relief from judgment is denied, and the Court denies a certificate of appealability of this order. Dkt. No. 14.

The Court directs the clerk to send copies of this order to Mr. Fagaautau.

Dated this 14th day of November, 2024.

Kymberly K. Evanson
United States District Judge

---

[1] After Judge Leupold issued the report and recommendation, Mr. Fagaautau filed five documents styled variously as motions for judicial notice, motions related to the record, and a notice of supplemental authority. *See* Dkt. Nos. 5-9. The Court reviewed these filings in considering whether to adopt Judge Leupold's conclusions. Dkt. No. 10 at 1 n.1. In its dismissal order, the Court also explained why these filings did not undermine the report and recommendation, to the extent that they constituted objections. *Id.*

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT - 3